# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MATT D. FULLER,<br>    Appellant,<br><br>        v.<br><br>DEPARTMENT OF THE ARMY,<br>    Agency. | DOCKET NUMBER<br>CH-0752-14-0588-I-1<br><br><br>DATE: December 23, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Matt D. Fuller, Detroit, Michigan, pro se.

Tiffany J. Hall, Warren, Michigan, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without a showing of good cause for the delay.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2　　　　Effective March 13, 2014, the appellant was removed from the position of Inventory Management Specialist.  Initial Appeal File (IAF), Tab 1 at 23-24.  The appellant filed an initial appeal on May 30, 2014.  IAF, Tab 1.  In a timeliness order, the administrative judge informed the appellant that his initial appeal may have been untimely filed and ordered him to submit evidence and argument showing that he filed his appeal on time or that good cause exists for the delay in filing.  IAF, Tab 3.  In addition, the agency filed a motion to dismiss the appeal as untimely filed.  IAF, Tab 5.  The appellant did not respond to either the timeliness order or the agency's motion.  In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for being untimely filed without good cause shown.  IAF, Tab 6, Initial Decision (ID) at 1, 3.

¶3　　　　The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tabs 1-2.  The agency has not responded to the petition for review.

The appellant bears the burden of proof regarding timeliness, which must be established by a preponderance of the evidence.  *Smith v. Office of Personnel*

*Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(a)(2)(ii). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.56(c)(2). With exceptions not applicable here, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *See Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.22(b)(1). The appellant does not dispute that he received the agency's final decision on March 19, 2014. *See* IAF, Tab 1 at 23. Thus, when the appellant filed his appeal on May 30, 2014, it was 42 days after the April 18, 2014 filing deadline. *See* ID at 2.

¶4    The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay. *Smith*, 117 M.S.P.R. 527, ¶ 6; 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5    The appellant has not demonstrated good cause for his untimely filing. Although an appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness. *Allen v. Office of Personnel*

*Management*, [97 M.S.P.R. 665](), ¶ 8 (2004).  His 42-day delay in filing an initial appeal is significant.  *See Dow v. Department of Homeland Security*, [109 M.S.P.R. 633](), ¶ 8 (2008) (finding a more than 1-month delay in filing a petition for review significant).  He has presented no evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his Board appeal.

¶6        Although the appellant mistakenly believed that "[t]he timeliness of the appeal is predicated on actual receipt of a [Standard Form (SF)] 50 and not proposal or decision letters," his inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiving the filing deadline.  IAF, Tab 1 at 13, 30; *see Wallace v. Department of Veterans Affairs*, [81 M.S.P.R. 88](), ¶ 5, *aff'd*,  217 F.3d 856 (Fed. Cir. 1999) (Table).  The appellant received clear notice of his Board appeal rights in the decision letter, including the time limits for filing an appeal.  IAF, Tab 1 at 24-25; *cf. Boyd v. Department of Veterans Affairs*, [111 M.S.P.R. 116](), ¶¶ 10-11  (2009) (find that the pro se appellant showed good cause for a 1-day filing delay where the agency's decision letter did not give adequate notice of the time limit for filing a Board appeal).  Additionally, a general inability to understand instructions and procedures does not provide a basis for a waiver of the time limits for filing an appeal.  *See Caldwell v. Department of the Interior*, [58 M.S.P.R. 54](), 57 (1993).  Thus, we agree with the administrative judge that the appellant did not establish good cause for his untimely filing.

¶7        In his petition for review, the appellant reiterates his belief that he thought the SF-50, not the decision letter, was the relevant document for the timeliness issue.  PFR File, Tab 1 at 2.  The appellant's erroneous belief that he had to file his appeal within 30 days after his receipt of the SF-50 is an unreasonable excuse that does not constitute good cause for his filing delay.  The appellant also asserts on review that "continuous interruption and interference with in the two factors of

psychological and financial considerations" constitute good cause for the delay. *Id.* Specifically, he states that he visited an emergency clinic on February 28, 2014, which transferred him to the care of Mr. Dingell on March 1, 2014. *Id.* at 2-3; PFR File, Tab 2 at 4. He further explains that he was released by Mr. Dingell after 4 hours. PFR File, Tab 1 at 3, Tab 2 at 4. As examples of the appellant's "financial considerations," he mentions three district court cases in which he was involved. PFR File, Tab 1 at 3, Tab 2 at 4. Finally, the appellant alleges that he "has been ill since July 26, 2014[,] with little strength to perform any daily required activity except sleep." PFR File, Tab 2 at 3. He also "pray[s] the weak condition will suffice as good cause." *Id.* We are not persuaded by the appellant's arguments. His assertions, taken as true, do not establish good cause for untimely filing his appeal. The appellant does not explain how these "psychological and financial considerations" prevented him from timely filing his appeal by April 18, 2014. Therefore, the appellant fails to provide a reason to disturb the administrative judge's decision to dismiss the appeal as untimely filed with no showing of good cause for the delay.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See*  42 U.S.C.  § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.